Filed 2/4/21  P. v. Parks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075474 |
| v. | (Super.Ct.No. CR36016) |
| STEVEN DEAN PARKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Steven Dean Parks pled guilty to one count of second degree murder. (Pen. Code, § 187, subd. (a).)[1] A trial court sentenced him to 15 years to life in state prison.

Approximately 29 years later, defendant filed a petition for resentencing under section 1170.95, which the court denied.

Defendant filed a timely notice of appeal. We dismiss the appeal.

## PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with murder (§ 187, count 1) and robbery (§ 211, count 2).

Pursuant to a plea agreement, defendant pled guilty to count 1. The court found a factual basis for the plea. On July 17, 1990, it dismissed count 2 and sentenced defendant to 15 years to life in state prison in accordance with the terms of the plea agreement.

On April 12, 2019, defendant filed a handwritten petition for resentencing, in propria persona, "requesting that Senate Bill 1437 be applicable" in his case and that the court simply "grant [him] the relief from Senate Bill 1437."

The People filed a response, contending that Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4) is unconstitutional.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

Defendant was appointed counsel, who filed a reply brief requesting the court to reject the People's argument and find that defendant had set forth a prima facie case for relief.

The court stayed the proceedings for 90 days, pending decisions in two cases concerning the constitutionality of Senate Bill No. 1437. The matter was then continued until the court held a hearing on July 17, 2020. The People argued that the appeal should be denied since it did not include any of the required information and was "basically blank." The court stated it would deny the petition without prejudice, unless defense counsel could "point to something that says [the prosecutor] has it wrong." When defense counsel answered, "No," the court denied the petition without prejudice.

On August 5, 2020, defendant filed a notice of appeal, in propria persona.

## DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, and identifying two potential arguable issues: (1) whether defendant was eligible for relief under section 1170.95; and (2) whether the court erred in denying defendant's section 1170.95 petition. Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Thus, no claim of error has been raised.

3

Review pursuant to *Wende*, *supra*, 25 Cal.3d 436, or its federal constitutional counterpart *Anders*, *supra*, 386 U.S. 738, is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45.) The right to *Wende/Anders* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano*, at p. 500; *Ben C.*, at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende/Anders* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, defendant has no right to *Wende/Anders* review. While we recognize that we retain discretion to conduct such review (*People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278), we decline to do so in this case. As discussed *ante*, the petition was "basically blank" setting forth essentially

4

none of the information required by section 1170.95.  Moreover, neither defendant nor his counsel has raised any claim of error.  Therefore, we dismiss defendant's appeal as abandoned.  (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

MILLER _____
       Acting P. J.

SLOUGH _____
       J.